IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES ANDERSON,

                Petitioner,                               ORDER

    v.                                                        10-cv-092-bbc

KAREN TIMBERLAKE, Secretary,
Department of Health Services,

                Respondent.

---

      Charles Anderson is in custody at the Wisconsin Resource Center in Winnebago, Wisconsin, confined as a sexually violent person under Wisconsin's sexual predator statute, Wis. Stat. Ch. 980. He has filed a document styled as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Under the rule, I must dismiss the petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief.

      The petition contains numerous conclusory assertions and legal citations that make it difficult to understand the precise nature of the claim. However, it appears that petitioner is contending that the conditions of confinement at the Wisconsin Resource Center are so harsh as to amount to "punishment," in violation of Chapter 980's civil purpose and the

1

substantive due process clause of the Fourteenth Amendment. E.g., Youngberg v. Romeo, 457 U.S. 307, 320 (1982); Allison v. Snyder, 332 F.3d 1076, 1079 (7th Cir. 2003). Petitioner seeks the following relief: 1) an order enjoining the state from making any chapter 980 placements at the Wisconsin Resource Center; 2) an order that "all current placements be returned in 60 days upon issuance of the writ; 3) an order that petitioner be placed in a halfway house "until the next scheduled hearing on April 21;" and 4) a recommendation "for placement back to [Department of Corrections] parole/probation status within 60 days as a matter of default (discharge)."

As explained to petitioner in the context of a similar habeas petition that he filed last year, Anderson v. Timberlake, 09-cv-742-bbc, the remedy of habeas corpus is available only to challenge the fact or duration of confinement. Preiser v. Rodriguez, 411 U.S. 475, 486-87 (1973). As with petitioner's prior petition, his latest petition does not raise a challenge to the lawfulness of his initial civil commitment or to any subsequent court order denying him supervised release. Instead, he appears to be challenging the conditions of his confinement at the Wisconsin Resource Center. In his last claim for relief, he seems to be asking to be discharged from his commitment under chapter 980, such release would not be an appropriate remedy even on a finding that the conditions at the Wisconsin Resource Center are punitive in nature. If petitioner establishes that his treatment at the Wisconsin Resource Center amounts to punishment, the appropriate remedy would be to award

2

damages or order the state to provide him appropriate treatment.  Release from custody would not be an option.  Glaus v. Anderson, 408 F.3d 382, 387 (7th Cir. 2005).

Accordingly, the petition must be dismissed.  In reaching this conclusion, I make no decision on the ultimate merit of petitioner's claims, but merely find that he has chosen the wrong procedural vehicle by which to raise them.  Petitioner is free to refile his complaint under 42 U.S.C. § 1983, subject to the ordinary rules governing such lawsuits.

ORDER

IT IS ORDERED that the petition of Charles Anderson for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE to his refiling his claims in a civil lawsuit brought pursuant to 42 U.S.C. § 1983.

Entered this 22nd day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge